UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLINT AUTO AUCTION, INC., et al.,

      Plaintiffs,

                                      Case No. 12-14793
                                      HON. GERSHWIN A. DRAIN

v.

UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, et al.,

      Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [#21], AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#36]**

### I.   Introduction

Defendant Universal Underwriters Insurance Company ("Universal") removed the instant action to this Court on October 29, 2012. Plaintiffs Flint Auto Auction ("FAA") and William Glasco ("Glasco") are seeking a declaration that the Defendant is obligated to defend and indemnify them in a personal injury suit filed in the Genesee County Circuit Court, *Ronald McDaniel, et al. v. Flint Auto Auction, Inc., et al*, No. 10-95010 ("the underlying suit").

The underlying suit arises out of an automobile accident that occurred in June of 2010 that involved an automobile owned by Universal's insured, Bridge Valley and Associates ("Bridge Valley") and driven by Glasco. On June 20, 2013, Plaintiff filed a Motion for Summary Judgment in this action. FAA and Glasco allege Bridge Valley is the title owner of the vehicle in the accident under Michigan's no-fault law. Therefore, Universal has a duty to defend

and indemnify FAA and Glasco because it is the insurer of the title owner of the vehicle and Glasco was a permissive driver of the vehicle. On July 31, 2013, Universal filed a Cross-Motion for Summary Judgment. Universal argues it is only required to indemnify Plaintiff up to $20,000 under Michigan's no-fault laws, its duty to indemnify did not arise until the McDaniels filed their amended complaint, and the "best case scenario for Plaintiff is Universal's duty to indemnify is on an equal basis with Glasco and FAA's insurer. Parties have fully briefed the Motions. Pursuant to Local Rule 7.1(f)(2), the court will not hold a hearing on these motion and will decide them on the briefs submitted.

For the following reasons, the Court will GRANT Glasco and FAA's Motion for Summary Judgment as it relates to ownership of the vehicle and consent to drive it. The Court will GRANT IN PART and DENY IN PART Glasco and FAA's request for indemnity in the underlying suit, specifically the court concludes that Universal's duty to indemnify is limited to the period beginning September 13, 2012 through the end of the underlying suit. The Court will DENY Universal's Motion for Summary Judgment as it relates to the issues of ownership of the vehicle, consent to drive it, and finds Universal liable for the maximum amount of coverage under its garage policy. The Court will GRANT IN PART Universal's Motion for Summary Judgment holding that Universal's duty to indemnify Plaintiff arose after September 13, 2012 and lasts until the end of the underlying suit.

## II. Facts

Plaintiffs are an automobile auctioneer in Flint, Michigan and its employee. Universal is the insurer of Bridge Valley, who is in the business of selling used cars. Plaintiff's business brings together automobile sellers and buyers. Sellers deliver automobiles to FAA, usually sellers deliver FAA title as well, and FAA places the automobile on the auction block. Buyers

bid on the automobiles. The winning bidder gets the car and title if the seller delivered the car to Plaintiff with the title. FAA's computer records verify if it has the title. (Pl.'s Ex. 2). After the purchase, FAA gives seller a check for the automobile.

If the bidder believes there is a problem with the car, he can place the car in what FAA calls its arbitration process. FAA will attempt to repair the car on its own. If FAA cannot make the needed repairs, FAA, either with express or implied permission from seller, drives the car to a mechanic. Implied permission is based on custom and practice of the auction industry. If the bidder is not happy with the results of arbitration, she can choose not to purchase the automobile and not complete the sale. FAA often drives cars to mechanics. On June 23, 2010, Glasco drove an automobile owned by Bridge Valley and purchased by the Lane Car Company to a mechanic as part of the arbitration process for that vehicle. One of Bridge Valley's employees gave express permission to FAA for Glasco to drive to a mechanic. (Pl.'s Ex. 2 & 3).

On the way to the mechanic, the car was involved in an accident. Glasco struck the rear end of a vehicle one of his coworkers was driving and that vehicle struck the McDaniels' vehicle. Ronald McDaniel sustained a closed head injury and spinal injuries. On December 2, 2011, Ronald and Ruth McDaniel filed an amended complaint in the Genesee County Circuit Court alleging negligence and loss of consortium against FAA, Glasco, Glasco's coworker, and Bridge Valley.[1]

On September 12, 2012, FAA filed an action in Genesee County Circuit Court seeking declaratory relief from Zurich North America and/or Universal under Bridge Valley's garage and/or auto hazard policies. Universal removed this action from the Genesee County Circuit Court to this Court on October 29, 2012.

---

[1] The McDaniels filed their original complaint in December of 2010.

### III.    Law and Analysis

#### A.  Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); see also *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48; see also *National Satellite Sports, Inc. v. Eliadis*, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing

party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); see also *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B. Plaintiffs' Motion

FAA and Glasco argue they are entitled to judgment as a matter of law in this action because Bridge Valley was the title owner of the car at the time of the accident. Pursuant to Michigan's Vehicle Code, the owner of a car is the "person who holds legal title to the vehicle." *Goins v. Greenfield Jeep Eagle, Inc.*, 449 Mich. 1, 5, 534 N.W.2d 467 (1995) (quoting Mich. Comp. Laws §257.37(b) (2013)). Under Michigan law, the owner of a vehicle is liable for injuries resulting from its use even when the owner is not operating the vehicle. *Perry v. Golling Chrysler Plymouth Jeep, Inc.*, 447 Mich. 62, 65, 729 N.W.2d 500 (2007) (citing *Goins*, 449 Mich. at 4.). Bridge Valley was the owner of the vehicle and responsible for injuries arising out of its operation. Therefore, FAA and Glasco argue Bridge Valley's insurer is the primary insurer in this matter. According to FAA and Glasco, the insurer of the owner of the vehicle involved in the accident, Universal, must indemnify them. FAA's insurer is responsible for any liability that is in excess of coverage Universal provides. *Werner v. Travelers Indem. Co.*, 55 Mich. App. 395, 396, 222 N.W.2d 254 (Mich. Ct. App. 1974); *State Farm Mut. Auto. Ins. Co. v. Enterprise*

5

*Leasing Co.*, 452 Mich. 25, 35, 549 N.W.2d 345 (1996); *Auto Owners Ins. Co. v Martin*, 284 Mich. App. 427, 541, 773 N.W.2d 29 (Mich. Ct. App. 2009).[2]

In *Perry*, the Michigan Supreme Court answered the question of when title is executed in order to determine who is the owner of a vehicle, and thus who is liable for injuries resulting from its operation. *Perry*, 447 Mich. at 66. Michigan law states the effective date of transfer of title or interest in a vehicle is the date of the execution of an application for title or the assignment of a certificate of title. *Goins*, 449 Mich. at 65. *Perry* involved an automobile accident in which the buyer completed most of the paperwork involved with an automobile purchase, including an application for title. *Perry*, 447 Mich. at 64. Soon after taking possession of the vehicle the buyer was involved in a collision. *Id*. The *Perry* plaintiff sued the dealership arguing that the dealer was the owner and primarily liable for injuries resulting from the buyer's permissive use. *Id*. The *Perry* court held execution meant signing the application for title or assignment of title, which made the buyer the owner of the vehicle and her insurance was primary. *Id*. at 67.

In *Werner*, a passenger in an automobile died from injuries sustained in the accident. *Werner*, 55 Mich. App. at 392. The decedent had a policy with Travelers Insurance and the driver of the car had a policy with another insurer. *Id*. The *Werner* plaintiff's insurer and Travelers had policies with other insurance clauses. Although the case involved coverage under Michigan's then effective uninsured motorists' statute, the dispute between the parties involved how the court should give meaning to each policies' other insurance clauses. *Id*. The case was before the appellate court on procedural grounds because defendant did not file a timely appeal. *Id* at 395. However, the *Werner* court opined that the trial court correctly concluded that the car

---

[2] Universal argues the conclusion in *Werner* that the owner's insurance is primary is dicta because the case came to the Court of Appeals on a procedural matter. Cases that discuss *Werner*, however, do not hold that its conclusion on which insurer was primary was incorrect.

owner's insurer must indemnify the decedent to the limits of its policy and the decedent's policy should be excess. *Id*. at 396.

The *Martin* and *Enterprise* cases directly address the priority of insurer payment within the general framework of Michigan's no-fault law when permissive users are involved in automobile accidents. *Martin* is particularly applicable in this matter because it involved a permissive user seeking indemnity under a dealership's garage policy. *Martin*, 284 Mich. at 431. In *Martin*, the dealership customer was involved in an accident while driving an automobile owned by the dealership. The injured accident victims sued the customer. *Id*. at 432. The trial court granted dealership's insurer's request for a declaratory judgment that the dealership was only liable under its garage policy for the statutory minimum under the no-fault law, and the customer's insurance was the primary insurance on the vehicle. *Id*. at 433. The Michigan Court of Appeals reversed this holding. *Id*. at 452. The court of appeals held its holding comported with the Michigan Supreme Court's holding in *Enterprise* that the owner of the automobile is responsible for paying primary residual liability benefits under the state's no-fault law, the owner must provide primary coverage for their automobiles and permissive users, and insurance policies cannot shift this responsibility to permissive users. *Id*. at 448-49. The *Martin* court reiterated that insurance policies that attempt to shift liability from the owners to permissive users are against the public policy of Michigan's no-fault laws. *Id*. at 449.

FAA's records indicate it did not have title to the vehicle on the day of the accident. (Pl.'s Ex. 2-3 & 5-7). Title was not present with FAA or the Lane Car Company on the day of the accident. *Id*. In fact, Bridge Valley did not transfer title until July 6, 2010. (Pl.'s Ex. 6). Universal argues that it transferred all right, title, and interest in the vehicle to Plaintiff when it delivered the vehicle to Plaintiff on the day of the accident. (Def.'s Mot. at 12; Ex. U).

7

According to Universal, the warranty of title in the contract the parties executed upon delivery of the vehicle was a transfer of title to the vehicle. The warranty of title the parties executed is not a certificate of title or an application to transfer title. Furthermore, Michigan law requires strict compliance with its vehicle registration and transfer of title statute. *Goins*, 449 Mich. at 12 (citing *Gazdecki v. Cargill*, 28 Mich.App. 128, 131, 183 N.W.2d 805 (1970)). Universal did not file an application for a transfer of title. Glasco was a permissive driver of the vehicle and the owner's garage policy should apply to his use.

Universal is advocating an outcome against the public policy of the state of Michigan. In *Enterprise*, the Michigan Supreme Court held contracts that shifted liability away from rental car companies onto drivers are void as against public policy. In *Martin*, the Michigan Court of Appeals applied this same reasoning to permissive drivers of cars owned by dealerships. Universal is asking this Court to rule against the state of Michigan's public policy by granting it an outcome for which it could not contract.

Plaintiff has come forward with affidavits and other information required under Rule 56(c) of the Federal Rules of Civil Procedure that demonstrate there is no genuine issue of fact as to who had title to the vehicle at the time of the accident and Glasco's permission to drive the vehicle. In response, Universal has failed to come forward with evidence to show there is a genuine issue of fact regarding ownership and permission to drive the vehicle. Instead, they suggest the court should not decide these issues. Bridge Valley was the owner of the vehicle at the time of the accident. In accordance with the Michigan Court of Appeals holding in *Martin* and Michigan's no-fault law, Universal must provide the primary liability insurance up to the limit of its garage policy and indemnify FAA and Glasco for defense costs.

### C. Defendant's Motion

Universal argues the Court should interpret the other insurance clauses of its policy with Bridge Valley and FAA's policy with its insurer to resolve the issue of indemnity. Universal does not address how the no-fault laws assign the duty to indemnify. Universal's Motion would have the Court treat these policies as if they were not automotive policies and instead treat them as normal homeowners' insurance policies. Additionally, Universal argues it is unnecessary for this Court to make a determination of who owned the automobile and whether Glasco had permission to drive it because those are ultimate issues of fact in the underlying suit.[3] These arguments are unavailing because this action requires this Court to interpret Michigan's no-fault law to determine who owns a vehicle involved in an accident in order to determine whose insurance is primary and whether Universal has a duty to defend and indemnify Plaintiff. Issues of ownership and permission to drive the automobile are indispensable to a declaratory judgment in this matter.

Universal's policy with Bridge Valley and FAA's policy with its insurer both contain identical other insurance clauses. It is the courts' duty to reconcile such clauses. *St. Paul Fire & and Marine Ins. Co, v. American Home Assurance Co.*, 444 Mich. 560, 562, 514 N.W.2d 113. Other insurance clauses are used in insurance contracts as a method of limiting an insurer's liability when another insurer has agreed to insure a policyholder against the same loss. *Pioneer State Mut. Ins. Co, v. TIG Ins. Co*, 229 Mich App. 406 411, 581 N.W.2d 802 (1998) (citing *St. Paul*, 444 Mich. at 564). When other insurance clauses are identical, a strict reading of them

---

[3] Defendant spends a significant portion of its brief arguing Plaintiff's insurer is not a necessary party in this lawsuit and its insurer is already it in the underlying suit. Such arguments are not important to the issue of ownership and a duty to indemnify. However, Plaintiffs' insurer's payment of defense costs does matter to the scope of Universal's duty to indemnify.

leaves the insured with no coverage. *St. Paul*, 444 Mich. at 577-78. Courts reconcile this by dividing insurers liability evenly among insurers. *Id*.

Universal's statement of the law on identical other insurance clauses is correct, however, *St. Paul* and *Pioneer Mutual* did not involve automobile accidents. Those cases involved a boat accident and legal malpractice lawsuits in which parties had more than one policy that insured them against identical loses. These cases do not require the Court to look to Michigan's extensive no-fault laws to determine who owned a vehicle.

Universal also argues it is only liable for the statutory minimum amount of coverage under the terms of its auto hazard policy. The *Martin* court rejected this same argument. *Martin*, 248 Mich. at 449-50. *Martin* held this is the kind of shifting of liability the no-fault laws seeks to avoid. *Id.* at 450. The court held a dealership's insurer was the primary insurer of an automobile driven by a customer involved in an accident and was liable to the limits of its garage policy. *Id*. The same outcome is appropriate here. Universal cannot use the language in its auto policy as a subterfuge for shifting liability onto a permissive user.

Universal does have a duty to FAA and Glasco, however, it disagrees with them on when that duty arose. Universal argues its duty to indemnify FAA and Glasco did not arise until after September 13, 2012. FAA and Glasco argue the duty to indemnify arose when it tendered a defense to Universal orally in February of 2012 and again by letter in August of 2012.

Under Michigan law, an insurer has no duty to defend unless the insured requests a defense. *Fireman's Fund Ins. Co. v. Ex-Cell-O Corp.*, 790 F. Supp. 1318, 1328-1329 (E.D. Mich. 1991). Notice of defense costs and fees to the insurer are not sufficient to create a duty to defend. *Id*. at 1332-1333. Moreover, if the policy contains a clause prohibiting voluntary payments and the insured makes voluntary payments, they are in breach of contract. *Id*. at 1332.

An insurance policy with a voluntary payments clause is not an agreement to reimburse the insured for expenses it chose to incur, rather it is an agreement that insurer will pay for properly tendered defense costs. *AMI Entm't Network, Inc. v. Zurich American Ins. Co.*, 526 Fed. App'x 635, 638 (6th Cir. 2013).

The language of Universal's policy is clear regarding its duty to defend its insured after someone files a suit against them. (Def.'s Ex. M at 500-20). The insured must fully comply with the conditions listed in the policy: 1) reporting the suit to Universal as soon as possible and sending all details related to the matter to Universal; 2) promptly send all documents relating to the matter to Universal via certified mail; 3) cooperation in all aspects of the matter; 4) notify any person or entity that may be liable in the matter; and 5) do not incur any expenses, including pre-tender expense unless Universal permits incurring the expense. *Id*. Compliance with all of these matters is a condition precedent to indemnity. *Id*. FAA and Glasco did not notify Universal promptly or via certified mail and incurred pre-tender expenses. They sent Bridge Valley a letter on August 24, 2012. (Def.'s Ex. V). FAA and Glasco sent the letter to Bridge Valley's general counsel and requested indemnity in the underlying suit, but did not send it certified mail and they incurred expenses in defense of the underlying suit at that time. Furthermore, their letter was a request for Zurich to indemnify them in the underlying action, not Universal.

FAA and Glasco argue the duty to defend arose December 2, 2011, which is the day Universal and Bridge valley became defendants in the underlying suit. This was a year after the McDaniels filed the original complaint. (Pl.'s Resp. at 16). FAA also cites the August letter. Neither of these mere forms of notice comply with the policy. As a matter of law, the duty to

defend arose when FAA and Glasco filed the coverage suit. Universal is not responsible for costs FAA and Glasco incurred before September 13, 2012.

## IV. Conclusion

For the foregoing reasons, the Court will GRANT Glasco's and FAA's Motion for Summary Judgment [#26] as it relates to ownership of the vehicle and consent to drive it. The Court will GRANT IN PART and DENY IN PART Glasco and FAA's request for indemnity in the underlying suit, specifically the court concludes that Universal's duty to indemnify is limited to the period beginning September 13, 2012 through the end of the underlying suit. The Court will DENY Universal's Motion for Summary Judgment [#36] as it relates to the issues of ownership of the vehicle, consent to drive it, and finds Universal liable for the maximum amount of coverage under its garage policy. The Court will GRANT IN PART Universal's Motion for Summary Judgment holding that Universal's duty to indemnify Plaintiff arose after September 13, 2012 and lasts until the end of the underlying suit.

IT IS SO ORDERED,

/s/Gershwin A Drain
Honorable Gershwin A. Drain
United States District Court Judge