UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLINT AUTO AUCTION, INC., et al.,

    Plaintiffs,

                                  Case No. 12-14793
                                  HON. GERSHWIN A. DRAIN

v.

UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION**

### I.   Introduction

On December 9, 2013, this Court entered an Order Denying Defendants' Motion for Summary Judgment in part and Granting Plaintiff's Motion for Summary Judgment in part. *See* Dkt. #43. The Court concluded that Defendant Bridge Valley and Associates ("Bridge Valley") owned a vehicle that Plaintiff Flint Auto Auction's ("FAA") employee William Glasco ("Glasco") drove with their permission, and Defendant Universal Underwriters Insurance Company's ("UUIC") insurance policy must provide primary coverage for injuries arising from an accident caused by Glasco. The Court held that UUIC was liable to the Plaintiffs to the full

extent of its garage policy. However, the Court's Judgment held UUIC liable to Plaintiff under its auto hazard and garage policies.[1] *See* Dkt. # 45, the Court's Amended Judgment.

Presently before the Court is the Defendants' Motion for Reconsideration or in the Alternative Relief from Judgment [#46]. The Court ordered briefing on the Motion and scheduled a hearing on the Motion as well. The Court conducted a hearing on the Motion on February 27, 2014. For the reasons that follow, the Court will GRANT Defendants' Motion for Reconsideration, and issue a Second Amended Judgment in favor of Plaintiffs against Defendants under the UUIC Policy's Auto Hazard coverage for $20,000.

## II.    Facts

One of Bridge Valley's employees gave express permission to FAA for Glasco to drive one of its vehicles to a mechanic. On the way to the mechanic, the car was involved in an accident. Glasco struck the rear end of a vehicle one of his coworkers was driving, and that vehicle struck the McDaniels' vehicle. Ronald McDaniel sustained a closed head injury and spinal injuries. On December 2, 2011, Ronald and Ruth McDaniel filed an amended complaint in the Genesee County Circuit Court alleging negligence and loss of consortium against FAA, Glasco, Glasco's coworker, and Bridge Valley.[2]

On September 12, 2012, FAA filed an action in the Genesee County Circuit Court seeking declaratory relief from Zurich North America and/or Universal under Bridge Valley's garage and/or auto hazard policies. Universal removed this action from the Genesee County Circuit Court to this Court on October 29, 2012. Plaintiff's Complaint contains two counts.

---

[1] At oral argument, parties clarified that the issue in this case is two different types of coverage rather than two different policies. Plaintiff's original Count 2 for Declaratory Relief under UUIC's auto policy is substantively a count for declaratory relief under the Garage Policy's Auto Hazard Coverage.

[2] The McDaniels filed their original complaint in December of 2010.

Count 1 is a request for relief under UUIC's garage policy. Count 2 is for relief under UUIC's auto policy.

### III.   Law and Analysis

#### A. Standard of Review

The standard of review for a motion to reconsider is provided in Local Rule 7.1(h)(3) of this Court:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Rule 59(e) of the Federal Rules of Civil Procedure gives courts the authority to alter a judgment if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). The palpable defect standard under Rule 59 and Local Rule 7.1(g) are functionally identical. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006).

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the court to relieve a party from a judgment for "any… reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule applies in exceptional and extraordinary circumstances that the other subsections of Rule 60(b) cannot address. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). In these circumstances, the principles of equity mandate relief. *Id*.

### B. Defendants' Motion

Defendant UUIC argues it is entitled to reconsideration or relief from this Court's Judgment because this Court's Judgment held it liable to Plaintiffs under both counts. UUIC argues that the Court failed to view these two coverages as mutually exclusive. UUIC argues that any relief for the Plaintiffs should come from its auto hazard coverage, and, as a matter of logic and contract interpretation, relief cannot come from both forms of coverage.

The parties extensively briefed their Cross Motions for Summary Judgment. A significant portion of the briefing on these motions addressed the issue of ownership of the automobile involved in the accident. Ownership of the vehicle would determine which party's insurance was the primary insurer for the McDaniels' injuries. Arguments regarding ownership of the vehicle directed the Court's focus to Michigan case law concerning permissive users and auto owner liability. In addition to the parties briefing, the Court's research covered a line of cases that held the public policy of the state of Michigan prohibits automobile owners from shifting liability to permissive users for injuries arising out of use of the owners' vehicles. *Goins v. Greenfield Jeep Eagle, Inc.*, 449 Mich. 1, 5, 534 N.W.2d 467 (1995); *see State Farm Mut. Auto. Ins. Co. v. Enterprise Leasing Co.*, 452 Mich. 25, 35, 549 N.W.2d 345 (1996); *see also Auto Owners Ins. Co. v Martin*, 284 Mich. App. 427, 541, 773 N.W.2d 29 (Mich. Ct. App. 2009).

4

In the Cross Motions for Summary Judgment, the Court concluded that Glasco was driving Bridge Valley's automobile and Bridge Valley's insurer should provide the primary coverage. The Court's Order stated UUIC was "liable for the maximum amount of coverage under its garage policy." *See* Dkt. # 43. The Court's Amended Judgment, however, awarded relief under both forms of coverage.

In the instant Motion, however, Defendants have fully explained why the policies are mutually exclusive and do not violate the public policy of Michigan's No-Fault laws. The Defendants acknowledge that insurance policies that shift liability are against the public policy of the state of Michigan. They argue that their auto hazard coverage is in accordance with public policy and Michigan No-Fault laws because it meets the state's minimum coverage standards, which require $20,000 in coverage. *See* MICH. COMP. LAWS § 500.3009(1) (2014); *see also* Defs'. Ex. F, UUIC Policy pg. 500-18. Therefore, Defendants did not argue for an outcome that is against Michigan public policy because the auto hazard coverage does not shift liability to permissive users. The policy offers the minimum amount of coverage for injuries required under Michigan's No-Fault laws.

UUIC's policy defines auto hazard as "ownership, maintenance, or use of an auto you own or which is in your care, custody, or control[.]" Defs.' Ex. F, UUIC Policy pg. 500-3. It also includes automobiles used for the purposes of and principally in Bridge Valley's garage business as well as vehicles furnished for the use of any other person or organization. *Id*. UUIC's garage coverage applies in the places where Bridge Valley conducts its garage operations. *Id*; UUIC Policy pg. 500-4. Garage operations are defined as the "ownership, maintenance or use of that portion or any premises where Bridge Valley conducts its garage

5

operations… [and] includes all other operations necessary to" Bridge Valley's garage business, but does not include auto hazard. *Id.*

The accident that was the genesis of this case occurred while Glasco, a FAA employee, drove one of Bridge Valley's automobiles. The auto hazard coverage applies to Glasco's use because his use was for the purpose of maintenance of a vehicle Bridge Valley owned. After further review of the policy and its applicability to § 500.3009(1) and controlling case law, the Court concludes the auto and garage coverages are mutually exclusive, and the Court's prior holding to the contrary contained a palpable defect.

### IV.   Conclusion

For the foregoing reasons, the Court will GRANT the Defendants' Motion for Reconsideration. The Court will enter a Second Amended Judgment in Favor of Plaintiffs against Defendants as to Count 1 (Declaratory Relief – Under Garage Policy's Auto Hazard Coverage), and in favor of Defendants against Plaintiffs as to Count 2 (Declaratory Relief – Auto Policy).

Dated:  March 19, 2014                               s/Gershwin A. Drain
          Detroit, Michigan                                GERSHWIN A. DRAIN
                                                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2014.

                                                                  s/Tanya R. Bankston
                                                                  TANYA R.BANKSTON
                                                                  Case Manager & Deputy Clerk